```
                                                              FILED
                                                           June 28, 2010
                                                      CLERK, U.S. BANKRUPTCY COURT
                                                      EASTERN DISTRICT OF CALIFORNIA
                                                           0002737012
```

**7**

1  MICHAEL P. DACQUISTO, ESQ.
   State Bar Number 84894
2  1901 Court Street
   Redding, California 96001
3
   Telephone: (530) 244-6007
4  Fax:       (530) 244-0907

5  Attorney for John Reger, Chapter 7 Trustee

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11 In re:                          NO. 08-34725-D-7

12 LIQUOR BARN, INC.               DCN:    MPD-3

13 _____Debtor_____/      Date:   August 4, 2010
14                                 Time:   10:00 a.m.
                                   Place:  Courtroom 34, Dept D
15                                         501 I Street, 6th Floor
                                           Sacramento, CA 95814
16

17 MOTION FOR AUTHORIZATION (1) TO SELL THE DEBTOR'S INTEREST IN ESTATE

18 PROPERTY DESCRIBED AS ALL ASSETS AND RELATED PERSONAL PROPERTY

19 OF THE DEBTOR'S BUSINESS KNOWN AS THE LIQUOR BARN FREE AND CLEAR

20           OF LIENS AND (2) TO PAY ALL RELATED COSTS OF SALE

21      John Reger (hereafter "Reger"), the chapter 7 trustee in this case, submits the

22 following for the court's consideration in connection with his motion for authorization (1) to

23 sell the debtor's interest in estate property described as all assets and related personal

24 property of the debtor's business known as The Liquor Barn (hereafter "LB") free and clear

25 of liens for $1,100,000.00 and (2) to pay all related costs of sale and liens as set forth

26 below.

27      **I. STATEMENT OF FACTS**

28      These proceedings were instituted when the debtor Liquor Barn, Inc. filed a chapter

Page 1

11 petition under the United States Bankruptcy Code on October 14, 2008. The case was converted to chapter 7 on June 4, 2010 and Reger was appointed the chapter 7 trustee.

The principal asset of the estate is two operating liquor stores, one in Redding, California and one in Yreka, California. Reger wishes to sell this asset to generate funds for the estate. By this motion Reger requests authorization to proceed with this proposed sale as outlined below.

**1.    Offer Summary**

Reger has accepted an offer from Dayabir S. Bath (hereafter "Buyer") subject to court approval and potential overbid to buy the LB for $1,100,000.00. The property being sold consists of the inventory, furniture, fixtures, equipment, trade name, trade secrets, customer list, goodwill, liquor license and all other personal property of the LB (hereafter "Property") at both of its locations, 2627 Bechelli Lane, Redding, California and 1000 Montague Road, Yreka, California. The Property being sold does not include proceeds from sale of a liquor license for a location in Clovis, California and does not include cash or cash equivalents on hand at either location at the close of business on the date immediately preceding the closing date of this sale. A true and correct copy of the Counter Offer to Asset Purchase Agreement between Reger and Buyer is filed herewith as Exhibit A. Reger understands the Buyer is a friend of the parents of Manvir Dhaliwal, a shareholder of the debtor.

**2.    Bidding Requirements**

Reger proposes to accept overbids from prospective purchasers interested in purchasing the LB. All prospective purchasers should recognize that they are offering to buy the LB on the identical terms as set forth in the Counter Offer to Asset Purchase Agreement between Reger and Buyer filed herewith as Exhibit A with two changes. First, the price to be paid will be increased from $1,100,000.00 to the amount of the highest bid accepted by the court. Second, the name of the buyer of the LB will be the highest bidder. All other terms of Exhibit A will remain unchanged. The highest bidder will be provided a contract to sign at the court hearing reflecting these changes.

Reger proposes the following terms for qualification to bid and for bidding. First,

Reger requires all bidders to deposit $50,000.00 with Reger or with Michael Dacquisto, counsel for the bankruptcy estate, in the form of cashier's check, wire transfer, or any other form acceptable to Reger in his sole discretion no later than 5:00 p.m. on August 2, 2010. Second, all bidders must provide Reger or Michael Dacquisto with proof of ability to close the sale, by way of cash, irrevocable letter of credit or in any other form acceptable to Reger in his sole discretion no later than 5:00 p.m. on August 2, 2010. Reger reserves the right to extend these deadlines in his sole discretion.

Third, Reger proposes overbidding be allowed in a minimum increments of $5,000.00, or in any other amount as the court may deem appropriate. If accepted by the court, this would make any opening bid no less than $1,105,000.00.

Fourth, Reger proposes that if a prospective purchaser deposits funds with Reger or Michael Dacquisto prior to the hearing and is not the highest bidder, those funds will be returned to the prospective purchaser no later than 48 hours after the sale is concluded in this court. The funds deposited with Reger or Michael Dacquisto from the highest bidder will be credited towards the purchase price. If the highest bidder fails to close the sale those funds will be retained by Reger, without further order from this court, as liquidated damages.

### 3. Projected Distribution of Sale Proceeds

The following table sets forth the projected breakdown for the anticipated sales proceeds of $1,100,000.00.

| Gross Sales Price | Total Lien | Lien Paid | Remaining Balance |
|---|---|---|---|
|  |  |  | 1,100,000.00 |
| Comerica lien | 831,000.00 | 681,000.00 | 419,000.00 |
| Estate carve out |  | 150,000.00 | 269,000.00 |
| SBOE lien | 460,000.00 | 60,000.00 | 209,000.00 |
| Estate carve out |  | 0.00 | 209,000.00 |
| Hegewisch lien | 500,000.00 | 104,500.00 | 104,500.00 |
| Estate carve out |  | 104,500.00 | 0.00 |

| Bright lien | 60,000.00 | 15,000.00 | (15,000.00) |
| Estate carve out to pay Bright lien | | (15,000.00) | 0.00 |

Comerica Bank (hereafter "CB") asserts a first position lien against all Property and assets of the LB (other than the liquor licenses) based on a UCC-1 filing. According to CB the estimated amount owed is approximately $831,000.00. CB consents to the sale free and clear of its lien in return for payment of the amount owed, minus a carve out to the bankruptcy estate of $150,000.00 or 8% of the sales price, whichever is greater. This is acceptable to Reger.

The SBOE has a lien on the two liquor licenses being sold. The estimated amount owed, per their filed proof of claim, is approximately $460,000.00. The SBOE consents to the sale free and clear of its lien in return for payment of $60,000.00. That amount is the estimated value of the two liquor licenses on the open market. Because the entire business is being sold, as opposed to just the liquor licenses, the SBOE will not agree to a carve out to the bankruptcy estate. This is acceptable to Reger.

Mary Hegewisch (hereafter "MH") asserts a second position lien against all Property and assets of the LB (other than the liquor licenses) based on a UCC-1 filing. The estimated amount owed, per her filed proof of claim, is approximately $500,000.00. MH consents to the sale free and clear of her lien in return for payment based on the following formula. From the gross sales price the payment to CB is deducted, the carve out to the bankruptcy estate agreed to by CB is deducted and the $60,000.00 payment to the SBOE is deducted. The remaining balance is split 50/50 between MH and the bankruptcy estate. This is acceptable to Reger.

Michael Bright (hereafter "MB") asserts a third position lien against all Property and assets of the LB (other than the liquor licenses) based on a UCC-1 filing and a subsequently rendered judgment against LB. MB consents to the sale free and clear of his lien in return for payment of $15,000.00. These funds will come from the carve out proceeds received by the bankruptcy estate from CB and MH. This is acceptable to Reger.

Based on the table above, if the sales price is $1,100,000.00, the bankruptcy estate will receive $150,000.00 from the CB carve out and $104,500.00 from the MH carve out, or $254,500.00. After deducting $15,000.00 for the payment to MB the remaining $239,500.00 will be available to pay administrative expenses and lower level tax claims. Reger seeks a sale free and clear of these liens under 11 U.S.C. §363(f)(2) based upon consent as set forth above.

Based on these facts, Reger believes this price is at or near the present maximum obtainable sale price for the estate property. Failure to sell at this price and time may result in detriment to the estate, rather than gain. Delay may result in diminution in value of the property and potentially increased holding costs.

The motion requests the sale proceeds be placed into the debtor's estate and be used to pay administrative expenses, legal fees and creditors as outlined above and pursuant to the normal statutory scheme.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS UNDER 11 U.S.C.§363(b)(1).

Title 11 U.S.C. §363(b)(1) provides:

> "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (11 U.S.C. §363(b)(1))

This court's power to authorize the proposed sale under 11 U.S.C. § 363(b) is to be exercised in its discretion. *In re Lionel Corp.* 722 F.2d 1063, 1069 (2d Cir. 1983); *In re Coastal Cable T.V., Inc.* 24 B.R. 609, 611 (Bankr. 1st Cir. 1982), rev. on other grounds, 709 F.2d 762 (1st Cir. 1983); *In re Baldwin United Corp.* 43 B.R. 888, 905 (Bankr. S.D. (Ohio 1984); *In re Ancor Exploration Co.* 30 B.R. 803, 808 (Bankr. N.D. Okla. 1983).

In Lionel, *supra*, a standard was established against which to measure the court's judicial exercise of its discretionary powers to approve a sale of assets outside the ordinary course of business under 11 U.S.C. §363(b). The *Lionel* court held that for the court to

exercise proper discretion, a good business reason must be shown. Further, the court stated the discretionary power was available to further the interests of the debtor, its creditors, and its equity security holders. *Id.* at 1071.

The *Lionel* decision was adopted by the Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank* (*In re Walter*), 83 B.R. 14 (Bankr. 9th Cir. 1988), which approved language that the trustee must demonstrate a good business reason for selling the property.

In this case Reger has sound business reasons for selling the property. He will be able to liquidate an asset and create a fund out of which creditors will be paid. The price being paid for the property is fair and reasonable. Selling now prevents further delay, possible decrease in property value and potential additional costs associated with continued holding of the property. Under these circumstances this court's approval of the proposed sale would be a sound exercise of its discretion.

**B. THIS COURT HAS AUTHORITY TO AUTHORIZE THE SALE BE MADE FREE AND CLEAR OF LIENS UNDER 11 U.S.C.§363(f).**

Title 11 U.S.C. §363(f) allows a sale free and clear of liens only if (1) permitted by non bankruptcy law, (2) the lien holders consent to such sale, (3) the proposed purchase price exceeds the total value of the liens against the property, (4) a good faith dispute concerning the validity of the liens exists, or (5) in a judicial proceeding the lien holders are compelled to accept a money satisfaction of their interest.

In this case, the lien holders CB, SBOE, MH and MB all consent to the sale as set forth above. Therefore a sale free and clear of these liens under 11 U.S.C. §363(f)(2) would be appropriate.

**III. CONCLUSION**

For all the reasons set forth above Reger respectfully requests this court provide the following relief.

A.    Enter an order authorizing Reger to sell the LB to the Buyer or to the highest bidder if not Buyer, under the terms and conditions set forth above and in the Counter Offer to Asset Purchase Agreement between Reger and Buyer filed herewith as Exhibit A.

B. Enter an order approving the proposed bidding requirements and procedures set forth in the notice filed herewith and set forth above.

C. Enter an order authorizing Reger to sign all documents necessary or convenient to complete the sale.

D. Enter an order authorizing payment of costs of sale and liens as outlined above.

E. Enter an order that no further motion or order of the court be required with regard to completing the sale.

F. Enter an order authorizing any further relief the court deems appropriate.

Date: June 28, 2010

/s/ Michael P. Dacquisto
MICHAEL P. DACQUISTO,
Attorney for Chapter 7 Trustee,
JOHN REGER